## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PARILYN STILL,                                    Civil Action

        Plaintiff,                          No.

   v.

BAPTIST HOMES SOCIETY                    JURY TRIAL DEMANDED
d/b/a PROVIDENCE POINT,

       Defendant.

## CIVIL COMPLAINT

Plaintiff, Parilyn Still, by undersigned counsel, files this Civil Complaint, and in support states the following.

### I. Jurisdiction

1.      Plaintiff invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, and this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.      Plaintiff has exhausted the administrative remedies set forth under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 962(c)(1) as follows:

    a.  On September 1, 2016, she timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment and retaliation, and cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

    b.  On September 18, 2017, the EEOC issued a Notice of Right to Sue;

    c.  Plaintiff filed this action within 90 days of receipt of that Notice; and

    d.  More than one year has passed since Plaintiff cross-filed her charge with the PHRC.

1

## II. Parties

3.      Plaintiff, Parilyn Still, is an adult individual who resides at 433 Fountain Street Apartment 2, Carnegie, Pennsylvania 15106.

4.      Defendant, Baptist Homes Society d/b/a Providence Point, is a non-profit corporation with a principal place of business located at 489 Castle Shannon Boulevard, Pittsburgh, Pennsylvania 15234.

5.      In 2016, Defendant employed more than 15 employees for each working day for at least 20 weeks of the calendar year.

## III. Factual Background

6.      Still was employed by Defendant as a Certified Nursing Assistant (CNA) from September 22, 2015 to July 15, 2016.

7.      On or about January 7, 2016, Still suffered an injury while lifting a patient at work.

8.      As a result of the work-related injury, Still was diagnosed with two slipped discs and a radial tear.

9.      Still's impairments substantially limited her in major life activities, including lifting and bending.

10.     As a result of her limitations, Still was not able to perform the regular duties of the CNA position, including lifting.

11.     Following Still's work-related injury, Defendant assigned her to work a light duty position in the medical records department.

12.     Defendant transferred Still to a light duty position, rather than giving her medical leave or terminating her employment, to avoid the possibility that it would be required under the Workers' Compensation Act to pay her partial wages while she was unable to work.

13.     Still's impairments required various medical appointments, including physical therapy.

14.     Still's supervisors instructed her not to attend physical therapy appointments during work hours.

15.     Still's physical therapist's office was open from 8:00 am through 4:30 pm, with the final appointment of the day scheduled at 4:00 pm.

16.     Defendant chose Still's physical therapist as part of its workers' compensation program.

17.     Prior to early June of 2016, Still worked for Defendant from 7:00 am-3:30 pm.

18.     When Still worked the 7:00 am-3:30 pm schedule, she was sometimes able to schedule her physical therapy appointments outside of working hours.

19.     On or about June 15, 2016, Defendant changed Still's schedule to 8:00 am-4:30 pm.

20.     As such, it was no longer possible for Still to schedule her physical therapy appointments outside of work hours.

21.     On July 11, 2016, Still emailed Director of Nursing Jerry Pannell and informed him that she would not be at work until 9:00 or 9:30 am on July 12 because her physical therapist had a full schedule and could only fit her in at 8:00 am. She also noted that she had a doctor's appointment on July 13 at 4:15 and needed to leave at 3:45.

22.     Still also sent a text message to her supervisor, Tiffany, stating: "I had to switch my therapy because of doctors appointment and my therapist has evals so I won't be in until 9-9:30 tomorrow."

23.     On July 12 and 13, 2016, Still attended the appointments referenced above.

24.     On July 15, 2016, Defendant fired Still.

25.     In the Corrective Action Form terminating Still's employment, the first reason stated by Defendant for Still's termination was:

> You have been informed on numerous occasions, by the NHA [Nursing Home Administrator], DON [Director of Nursing], and staffing coordinator that you were not to schedule therapy during normal working hours, and should schedule your therapy before or after the start of your shift, however you did so after these conversations. When asked by the NHA and DON regarding this, you acknowledged that you attended physical therapy during your scheduled shift on the HC unit.

26.     As such, Defendant admits that it fired Still, at least in part, because she attended physical therapy appointments during work hours.

27.     In the Corrective Action Form terminating Still's employment, Defendant also set forth other reasons for her discharge, all of which were false.

28.     For example, Defendant claimed Still failed to punch in and out for June 6 and 7, 2016, and that the Director of Nursing could not locate her on those days.

29.     However, Still did not work on June 6 and 7, 2016, because she was on approved personal leave for those days.

30.     As such, other than the explanation that Still was fired for attending physical therapy appointments during working hours, Defendant's explanations for firing Still were pretextual.

**Count I**
**Americans with Disabilities Act**
**Discrimination/Failure to Accommodate**

31.     Plaintiff incorporates the allegations of Paragraphs 1 through 30 as if fully restated.

32.     As set forth above, Still was an individual with a disability because she suffered from an impairment that substantially limited her in major life activities.

4

33.     Still was able to perform the essential functions of her position in the medical records department.

34.     Thus, Still was a qualified individual with a disability.

35.     Defendant fired Still because of her actual or perceived disability, in violation of 42 U.S.C. § 12112(a).

36.     By punishing and firing Still for attending physical therapy appointments, Defendant failed to make reasonable accommodations to Still's disability, in violation of 42 U.S.C. § 12112(b)(5)(A).

37.     Defendant's violations of the ADA were undertaken with malice or reckless disregard of Still's rights under the ADA.

38.     As a direct and proximate result of Defendant's discharge of Still, she has suffered damages, including lost wages and benefits, emotional distress, humiliation, inconvenience, and like injuries.

WHEREFORE, Still demands judgment against Defendant and requests that the Court order the following relief:

   a.   Defendant shall reinstate Plaintiff into the position she held,  together with all benefits incident thereto, including, but not limited to wages, commissions, stock units, fringe benefits, training and seniority;

   b.   Defendant shall provide Plaintiff with front pay in the  event reinstatement is not feasible;

   c.   Defendant shall compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is  offered employment into a position substantially equivalent to the one which Plaintiff occupied;

   d.   Defendant shall compensate Plaintiff for lost benefits, including  profit sharing, stock options and/or pension benefits until Plaintiff's normal retirement date;

e.  Plaintiff shall be awarded compensatory damages against Defendant to compensate her for emotional distress, humiliation, inconvenience, and like injuries;

f.  Plaintiff shall be awarded punitive damages to punish Defendant and to deter Defendant and others from like conduct;

g.  Defendant shall be enjoined from discriminating against Plaintiff in any manner that violates the ADA;

h.  Plaintiff shall be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

i.  Plaintiff shall be granted such further legal and equitable relief as the Court may deem just and proper.

**Count II**
**Americans with Disabilities Act**
**Retaliation**

39.  Plaintiff incorporates the allegations of Paragraphs 1 through 38 as if fully restated.

40.  Defendant fired Plaintiff in retaliation for her requests for reasonable accommodation.

41.  Defendant's violations of the ADA were undertaken with malice or reckless disregard of Still's rights under the ADA.

42.  As a direct and proximate result of Defendant's discharge of Still in retaliation for requesting a reasonable accommodation, Still has suffered damages, including lost wages and benefits, emotional distress, humiliation, inconvenience, and like injuries.

WHEREFORE, Still demands judgment against Defendant and requests that the Court order the following relief:

a.  Defendant shall reinstate Plaintiff into the position she held, together with all benefits incident thereto, including, but not limited to wages, commissions, stock units, fringe benefits, training and seniority;

b.  Defendant shall provide Plaintiff with front pay in the event reinstatement is

not feasible;

    c.   Defendant shall compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied;

    d.   Defendant shall compensate Plaintiff for lost benefits, including profit sharing, stock options and/or pension benefits until Plaintiff's normal retirement date;

    e.   Plaintiff shall be awarded compensatory damages against Defendant to compensate her for emotional distress, humiliation, inconvenience, and like injuries;

    f.   Plaintiff shall be awarded punitive damages to punish Defendant and to deter Defendant and others from like conduct;

    g.   Defendant shall be enjoined from discriminating against Plaintiff in any manner that violates the ADA;

    h.   Plaintiff shall be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    i.   Plaintiff shall be granted such further legal and equitable relief as the Court may deem just and proper.

## Count III
## Pennsylvania Human Relations Act
## Discrimination and Retaliation

43.    Plaintiff incorporates the allegations of Paragraphs 1 through 42 as if fully restated.

44.    Defendant fired Still because of her disability, failed to accommodate her disability, and retaliated against her for requesting a reasonable accommodation, in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 955(a) and (d).

45.    As a direct and proximate result of Defendant's violations of the PHRA, Still has sustained injuries and damages, including but not limited to lost wages, emotional distress, loss of

reputation, humiliation, and inconvenience.

WHEREFORE, Still demands judgment against Defendant and the following relief:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the PHRA.

b. That Defendant be ordered to reinstate Plaintiff and provide her accumulated seniority, fringe benefits and all other rights;

c. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discharge in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the PHRA;

e. That Defendant be enjoined from retaliating against Plaintiff in any manner that violates the PHRA;

f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

g. That the Court grant Still additional relief as may be just and proper.

Respectfully submitted,

**ELZER LAW FIRM, LLC**

/s/ Christine T. Elzer
Christine T. Elzer
Pa. I.D. No. 208157

100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 230-8436

Attorney for Plaintiff